IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAVIER CABRERA,<br><br>Defendant. | **8:25CR222**<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

This matter is before the Court upon the government's Motion for Preliminary Order of Forfeiture (Filing No. 111). The Court has carefully reviewed the record in this case and finds as follows:

1. On August 6, 2026, defendant Javier Cabrera ("Cabrera") pleaded guilty to Count I of the Indictment and admitted the Forfeiture Allegation (Filing No. 1). Count I of the Indictment charged Cabrera with conspiracy to commit bank fraud/wire fraud, in violation of 18 U.S.C. §§ 1344 and 1349.

2. The Forfeiture Allegation sought forfeiture, pursuant to 18 U.S.C. § 982(a)(2)(A), of "any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations" but did not list a specific item.

3. On August 13, 2026, a Bill of Particulars for Forfeiture of Property (Filing No. 99) was filed adding the following items to the Forfeiture Allegation:

   a. TLC black cell phone with no case;

   b. iPhone in black case with metal ring;

   c. iPhone 11 – IMEI: 350168830595675; and

   d. Moto G Stylus Cell Phone – IMEI: 354348931124916.

(Filing No. 99).

4. Based on Cabrera's guilty plea and admission, Cabrera forfeits his interest in the aforementioned property pursuant to 18 U.S.C. § 982(a)(2)(A).

5. The government's Motion for Preliminary Order of Forfeiture (Filing No. 111) is granted.

IT IS ORDERED:

1. The government's Motion for Preliminary Order of Forfeiture (Filing No. 111) is granted.

2. Based upon the Forfeiture Allegation of the Indictment and the Cabrera's guilty plea and admission, the government is hereby authorized to seize the TLC black cell phone with no case; iPhone in black case with metal ring; iPhone 11 – IMEI: 350168830595675; and Moto G Stylus Cell Phone – IMEI: 354348931124916.

3. Cabrera's interest in the property is hereby forfeited to the government for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

4. The property is to be held by the government in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish for at least thirty consecutive days on an official internet Government forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture, notice of publication evidencing the government's intent to dispose of the property, in such manner as the Attorney General may direct, and notice that any person, other than Cabrera, having or claiming a legal interest in the property, must file a Petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. The published notice shall state the Petition referred to in Paragraph 5, above, shall be for a hearing to adjudicate the validity of the Petitioner's interest in the property, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title, or interest

in the property, and any additional facts supporting the Petitioner's claim and the relief sought.

7. The government may also, to the extent practicable, provide direct written notice to any person known to have an interest in the property, as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 10th day of September 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge